## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REFEAL AHARON, | § | |
| | § | |
| Defendant Below, | § | No. 427, 2018 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| DANIEL KLEINBERG, TOMER | § | C.A. No. 12719 |
| HERZON, SATURN PARTNERS | § | |
| LIMITED PARTSHIP II, and RAKI | § | |
| ENGINEERING and | § | |
| INFRASTRUCTURES LTD., | § | |
| | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: September 11, 2018
Decided: September 25, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

Upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1) The defendant below-appellant, Refeal Aharon, has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Court of Chancery order, dated July 16, 2018, denying three motions that challenged the actions of a court-appointed custodian and a motion for document discovery. On August 31, 2018, Aharon filed an application for certification to take an interlocutory

appeal. The appellees opposed the application. On September 11, 2018, the Court of Chancery denied the application, finding that it was untimely.

(2) Having considered the Court of Chancery's September 11, 2018 order, the Court agrees with the denial of the application for certification. The application, which was filed on August 31, 2018, was untimely because it was filed more than ten days after the Court of Chancery's July 16, 2018 order.[1] Aharon made no attempt to establish good cause to excuse his untimely application. In addition, Aharon failed to comply with Rule 42 by filing his notice of interlocutory appeal in this Court before he filed his application for certification in the Court of Chancery.[2] Aharon's pro se status does not excuse his failure to comply with the requirements of Rule 42.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

[2] Supr. Ct. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court").

[3] *See, e.g., Hall v. Danberg*, 2010 WL 2624382, at *1 (De. July 1, 2010) (rejecting pro se litigant's argument that his failure to comply with Rule 42 should be excused due to his pro se status).